IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| UNITED STATES | ) |
| | ) CR No. 10-19 |
| v. | ) CV No. 14-143 |
| LAMONT LAPRADE | |

## OPINION AND ORDER

### SYNOPSIS

In this matter, a jury convicted Defendant, who proceeded at trial pro se with appointed standby counsel, on four counts of violating 18 U.S.C. 2113(a) and (d); 18 U.S.C. § 371; and 18 U.S.C. § 924(c). Subsequently, on May 9, 2012, he was sentenced to a term of imprisonment of 190 months. Defendant appealed, arguing, inter alia, that this Court incorrectly denied a motion to suppress his statement to law enforcement.[1] The United States Court of Appeals for the Third Circuit affirmed the conviction on all grounds. Presently before the Court is Defendant's Motion pursuant to 28 U.S.C. § 2255. Defendant contends that he entitled to relief based on new law, prosecutorial misconduct, and various instances of ineffective assistance of counsel. He has also filed a motion to appoint counsel. For the following reasons, the Motions will be denied, and no certificate of appealability shall issue.

### OPINION

### I. APPLICABLE STANDARDS

#### A. 28 U.S.C. § 2255

Relief is available under Section 2255 only under exceptional circumstances, when the claimed errors of law are "a fundamental defect which inherently results in a complete

---

[1] Finally, to the extent that Defendant intends to challenge the outcome of his motion to suppress his statement to law enforcement, he has received a final adjudication at the appellate level, and I cannot revisit that question.

miscarriage of justice," or "an omission inconsistent with the rudimentary demands of fair procedure." Hill v. United States, 368 U.S. 424, 428, 82 S. Ct. 468, 7 L. Ed. 2d 417 (1962). "A person seeking to vacate his conviction bears the burden of proof upon each ground presented for relief." United States v. Keyes, No. 93-22-2, 1997 U.S. Dist. LEXIS 12109, at *2 (E. D. Pa. Aug. 11, 1997).

A district court need not hold an evidentiary hearing on a Section 2255 motion if the motion, files, and records show conclusively that the defendant is not entitled to relief. United States v.Ritter, 93 Fed. Appx. 402 (3d Cir. 2004). Pro se pleadings are to be construed liberally, and I have so considered Defendant's submissions. See United States v. Otero, 502 F.3d 331, 334 (3d Cir. 2007). Under these standards, a hearing is unnecessary in this case, and the Motion will be disposed of on the record.

Finally, a pro se pleading is held to less stringent standards than pleadings drafted by attorneys. Estelle v. Gamble, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 2d 251 (1976); Haines v. Kerner, 404 U.S. 519, 520, 92 S. Ct. 594, 30 L. Ed. 2d 652 (1972). Thus, a pro se habeas petition should be construed liberally. See Royce v. Hahn, 151 F.3d 116, 118 (3d Cir. 1998). I have considered Defendant's Motion according to these standards.

### B. INEFFECTIVE ASSISTANCE OF COUNSEL

In the context of an ineffective assistance of counsel claim, a court should be "highly deferential" when evaluating an attorney's conduct; there is a "strong presumption" that the attorney's performance was reasonable. Strickland v. Washington, 466 U.S. 668, 689 (1984). "It is... only the rare claim of ineffectiveness of counsel that should succeed under the properly deferential standard to be applied in scrutinizing counsel's performance." United States v. Gray,

878 F. 2d 702, 711 (3d Cir. 1989). Both appellate and trial counsel are assessed under the Strickland standard. Echols v. Ricci, 492 Fed. Appx. 301, 312 (3d Cir. 2012).

To demonstrate that counsel was ineffective, a defendant must show that counsel's performance fell below "the wide range of professionally competent assistance" and also that the deficient conduct prejudiced defendant. Strickland, 466 U.S. at 687. Counsel's conduct must be assessed according to the facts of the particular case, viewed as of the time of counsel's conduct. Id. at 689. Under the prejudice prong, the pertinent question is "whether there is a reasonable probability that, absent the errors," the result would have been different. Id. at 695; see also United States v. Gray, 878 F.2d 702, 709-13 (3d Cir. 1989). The prejudice prong of Strickland rests on "whether counsel's deficient performance renders the result of the . . . proceeding fundamentally unfair," or strips the defendant of a "substantive or procedural right to which the law entitles him." Id. at 844.

## II. DEFENDANT'S MOTION

### A. Ineffective Assistance of Counsel

In the first instance, to the extent that Defendant contends that counsel was ineffective while acting in the role of standby counsel, I must reject that contention. As this Court has stated previously:

> A defendant who chooses to represent himself and has the assistance of court appointed standby counsel cannot succeed in establishing ineffective assistance against such counsel when it is clear that the defendant maintained control of his defense…Several courts have held that, because there is no constitutional right to standby counsel, ineffective assistance of standby counsel does not constitute grounds for attacking a conviction or sentence.

United States v. Tilley, 2011 U.S. Dist. LEXIS 15844, at **11-12 (W.D. Pa. Feb. 17, 2011) (citations omitted), aff'd, 326 Fed. Appx. 96 (3d Cir. 2009).

3

These principles impact several of Defendant's present arguments.[2] As suggested supra, a pro se Defendant has no constitutional right to have standby counsel raise objections on his behalf. Tilley, 326 Fed. Appx. at 96. Similarly, I must reject all of Defendant's ineffective assistance contentions to the extent that they involve events occurring while counsel was acting in a standby capacity.[3]

### B. Alleyne

Next, Defendant claims that he is entitled to relief under Alleyne v. United States, 133 S. Ct. 2151, __ U.S. __, 186 L. Ed. 2d 314 (2013), which extended Apprendi v. New Jersey, 530 U.S. 466, 490, 120 S. Ct. 2348, 147 L. Ed. 2d 435 (2000). Assuming that Defendant is not procedurally defaulted from raising this argument, he cannot prevail. Defendant mistakenly asserts that his conviction was not final at the time of Alleyne. Defendant, however, was sentenced on May 9, 2012. The Court of Appeals affirmed his conviction by Judgment dated and filed January 11, 2013. The time for filing for certiorari runs ninety days from the date of entry of the judgment, and not from the issuance of the mandate.[4] S. Ct. R. 13. Thus, Defendant's case was no longer pending when Alleyne was decided on June 17, 2013, and this case is unlike those to which Defendant cites as supportive. Further, neither Alleyne nor Apprendi is retroactive on collateral review. United States v. Winkleman, 746 F. 3d 134, 136 (3d Cir. 2014); O'Neal-Sloane v. Allenwood, 2014 U.S. App. LEXIS 15513, at **6-7 (3d Cir.

---

[2] The record reflects that counsel was appointed as standby on April 20, 2011. At the subsequent motions hearing, however, Defendant reversed his decision to proceed pro se, and elected to have standby counsel proceed in full representative capacity. Later trial transcripts reflect that counsel was placed in the standby role once again. The "possibilities" that Defendant lists, had counsel acted differently – not having to go to trial, or receiving a lesser sentence – are not the type of prejudice contemplated by applicable standards. Other issues that Defendant references in his brief are neither identified in his Motion nor surrounded by any factual detail that would suggest entitlement to relief.

[3] As a related matter, Defendant alleges that the results of the suppression hearing were withheld from him while he was acting pro se. The basis for this assertion is unclear, as the pertinent information appears on the docket.

[4] The Court of Appeals' Mandate and Opinion, although dated January 11, 2013, were entered on the docket on April 14, 2013; this, I assume, is the April, 2013 date on which Defendant relies.

4

Pa. Aug. 13, 2014); United States v. Reyes, 2014 U.S. App. LEXIS 11418, at *6 (3d Cir. May 19, 2014). Finally, Defendant suggests that Alleyne constitutes newly discovered evidence. Case law, however, does not qualify as "newly discovered evidence" – the phrase refers, instead, only to factual evidence. See Allen v. Walsh, 2013 U.S. Dist. LEXIS 49688, at *7 (E.D. Pa. Mar. 15, 2013); United States v. Christian, 2013 U.S. Dist. LEXIS 35156, at *3 (W.D. Pa. Mar. 14, 2013). Accordingly, I must reject Defendant's Alleyne claim.

### C. Affidavit

Defendant raises several arguments relating to an affidavit. He suggests that this Court excluded the affidavit, and refused to consider it, as the result of bias. He proffers no further argument regarding this bias, and such an argument is not cognizable via his Section 2255 Motion. Similarly, he suggests that before he decided to proceed pro se, his counsel dealt improperly with the affidavit. He does not, however, sufficiently explain the allegedly deficient conduct. It appears that Defendant complains that counsel did not inform him that the affidavit would not be used at trial, or did not object when I stated, at the suppression hearing, that I would not address "the affidavits." Defendant further conflates the affidavit with his contention that his statements to officers were involuntary, and should have been suppressed.[5] On appeal, the Court of Appeals affirmed this Court's suppression ruling. I have taken care to review the record in its entirety, along with Defendant's submissions, and find no suggestion that counsel's conduct fell below the standards imposed by Strickland.

I note that the affidavit attached to Defendant's Motion, dated 4/5/11, contains Defendant's own testimony. There is no reasonable probability of a different outcome at trial,

---

[5] The affidavit attached to Defendant's Motion, dated 4/5/11, contains Defendant's own testimony. There is no suggestion of a reasonable probability of a different outcome, had Defendant taken the stand, or the affidavit admitted into evidence. Moreover, there are myriad well-founded tactical and strategic reasons not to offer a Defendant's testimony at trial. See United States v. Smith, 235 F. Supp. 2d 418 (E.D. Pa. 2002) Thus, the alleged failures of counsel in this regard do not meet the Strickland standard.

5

had Defendant taken the stand, or the affidavit admitted into evidence.  Moreover, there are myriad well-founded tactical and strategic reasons not to offer a Defendant's testimony at trial. Even if a Defendant wishes to do so, it is a reasonable decision not to "subject [Defendant] to all of the risk attendant on cross-examination." United States v. Smith, 235 F. Supp. 2d 418 (E.D. Pa. 2002) (quoting United States v. Eisen, 974 F.2d 246, 265 (2d Cir. 1992)).  Thus, the alleged failures of counsel in this regard do not meet the Strickland standard.

Finally, Defendant posits that the absence of the affidavit constitutes a Brady violation. Brady v. Maryland, 373 U.S. 83, 87, 83 S. Ct. 1194, 10 L. Ed. 2d 215 (1963), prohibits the Government from withholding evidence that is favorable to a defendant and material to guilt or punishment.  While the parameters of Defendant's Brady claim are unclear, there is no suggestion that the Government withheld any evidence from Defendant or the Court.  Brady does not encompass the exclusion or disregard of evidence by a court of law.  For these reasons, Defendant's contentions regarding the subject affidavit cannot prevail.

### D. Breach of Plea Agreement

Additionally, Defendant contends that the Government breached a plea agreement, in that the Government attempted to obtain information from Defendant that Defendant had not agreed to give.  As a result, Defendant suggests, he opted not to enter into the plea agreement and to go to trial. Subsequently, the Government's attorney, out of vindictiveness, said that she would not offer a plea agreement.  There is no evidence that an enforceable oral agreement, of the type urged by Defendant, existed.  The record reflects only that the Government considered a transfer to state court.  Initially, I note that a nonexistent agreement cannot be breached.  Moreover, that the Government's decision not to consummate or pursue a plea was motivated by spite or malice

6

is not grounds for relief under Section 2255. Accordingly, I must reject Defendant's argument in that regard.

### E. Remaining Arguments

Finally, Defendant raises several arguments that merit brief mention. For example, Defendant claims that the fact that the investigating agent on the case sat beside Government counsel at trial constituted improper vouching. Improper vouching occurs if "the prosecutor . . . assure[s] the jury that the testimony of a Government witness is credible[,]" and "[if] this assurance [is] based on either the prosecutor's personal knowledge or other information not contained in the record." United States v. Harris, 471 F.3d 507, 512 (3d Cir. 2006). The common practice of witnesses sitting beside counsel does not constitute improper vouching. In addition, Defendant contends that the cumulative effect of all of the errors throughout his case violated various constitutional guarantees. Having reviewed all of the alleged errors, I conclude to the contrary. I find no fundamental defect or omission infecting Defendant's proceedings.

## III. CERTIFICATE OF APPEALABILITY

Under 28 U.S.C. § 2253(c)(2), a "certificate of appealability may issue only if the applicant has made a substantial showing of the denial of a constitutional right." I have carefully reviewed the record, including the evidence presented at trial. For the reasons stated above, Defendant has not made such a showing. Therefore, a certificate of appealability will not issue.

## CONCLUSION

For the foregoing reasons, Defendant is not entitled to relief under Section 2255, and no certificate of appealability shall issue. Defendant has not shown a fundamental defect or

omission that resulted in a miscarriage of justice.  For similar reasons, the appointment of counsel is not justified.  An appropriate Order follows.

## ORDER

AND NOW, this 6th day of November, 2014, it is hereby ORDERED, ADJUDGED, and DECREED that Defendant's Motion to Vacate [220] is DENIED.  Defendant's Motion to Appoint of Counsel [235] is DENIED.  No certificate of appealability shall issue.

BY THE COURT:

/s/Donetta W. Ambrose

Donetta W. Ambrose

Senior Judge, U.S. District Court