**IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISRICT OF PENNSYLVANIA**

United States,                                    )
                                                  )
                                                  ) No. 10-19
        V.                                        

Lamont LaPrade

**OPINION AND ORDER**

**SYNOPSIS**

Before the Court is Defendant's "Objections for Reason Not to Dismiss Relief of 2255."

He has also filed a Motion, captioned "Motion 2253," for a certificate of appealability and a stay

of certain issues raised in his Objections. Lastly, he has filed a "Motion for Relieve of

Objection."[1] Because Defendant's Objections address issues previously raised in his Motion

under 28 U.S.C. § 2255, which I denied by Order dated November 6, 2014, and because he is

barred from filing a successive 2255 Motion, I will construe the Objections as seeking relief in

the nature of reconsideration. I will also assess Defendant's contentions according to the liberal

standards afforded pro se filings. For the following reasons, I will reconsider my November 6

Order, but will deny Defendant's substantive requests for relief. I will, however, grant a

certificate of appealability from this Order.

**OPINION**

**I.        BACKGROUND**

---

[1] The "Motion for Relieve of Objection" asserts that the Government failed to respond to his claims, and thus
Defendant is entitled to relief. The Government filed its response on January 13, 2015, however, as directed by the
Court. Defendant is not entitled to relief due to lack of Government response.

Defendant was charged with four Counts of criminal conduct:  bank robbery; armed bank robbery; conspiracy to commit an offense against the United States; and, pertinent here, using and carrying a firearm during a crime of violence in violation of 18 U.S.C. § 924.  Specifically, the indictment charged him with with violating subsection Section 924(c)(1)(A)(iii), which provides, "if the firearm is discharged, [defendant shall] be sentenced to a term of imprisonment of not less than 10 years."  Further, the indictment specified that "LAMONT LAPRADE…discharged a firearm outside of the Westmoreland Community Federal Credit Union…..[2]   At trial, the Government proffered uncontested evidence, including Defendant's post-arrest admission, that Defendant discharged a weapon during the course of the robbery. Pursuant to the law as it existed at the time of trial, the jury was not specifically instructed about discharge of the weapon as an element of the offense, and the verdict slip did not reflect a specific finding regarding discharge.   The jury convicted Defendant on all Counts against him. Defendant was subsequently sentenced on May 9, 2012, to a total term of 190 months imprisonment.  The sentence included sentences of 60 and 70 months imprisonment for Counts 2 and 3 (armed bank robbery and conspiracy), to run concurrently; no sentence for Count 1 (bank robbery, a lesser included offense of armed bank robbery); and 120 months at Count 6 (using and carrying a firearm during a crime of violence), to run consecutively to the sentences imposed at Counts 2 and 3.

Defendant timely appealed to the United States Court of Appeals for the Third Circuit. On January 22, 2013, the Court of Appeals entered an Order and judgment affirming his conviction.  Defendant, after seeking and receiving an extension of time to do so, filed a Petition for Rehearing on March 27, 2013.   The Court of Appeals denied his Petition for Rehearing on

[2] The factual statement regarding discharge of a weapon appears in the indictment, and in the jury instructions, in connection with the conspiracy count, on which Defendant was convicted.

April 10, 2013. The Court of Appeals' certified judgment in lieu of a formal mandate, along with its January 22, 2013 Opinion, was docketed on April 18, 2013. Defendant did not petition for certiorari.

On January 31, 2014, Defendant filed a Section 2255 Motion in this Court. That Motion argued, inter alia, that the proceeding ran afoul of Alleyne v. United States, __ U.S. __, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013), which requires that facts increasing a mandatory minimum sentence be found by a jury beyond a reasonable doubt, rather than by a judge by a preponderance of the evidence. By Order dated November 6, 2014, I denied the Motion. Based on the January, 2013 Judgment of the Court of Appeals affirming his conviction, I found that Defendant's case was no longer pending when Alleyne was decided on June 17, 2013.[3] Moreover, I noted that Alleyne is not retroactive on collateral review. Accordingly, I held that Defendant could not avail himself of Alleyne's holding.

Presently, Defendant urges that his case was, in fact, still pending at the time that Alleyne was decided. He contends that the pertinent date is April 10, 2013, when the Court of Appeals denied his March 27, 2013 Petition for Rehearing. That Petition for Rehearing and its subsequent denial do not appear on the District Court docket. Thus, I treated the April, 2013 date to which Defendant referred, in his Section 2255 Motion, as the April 18, 2013 filing of the Court of Appeals' mandate. Generally speaking, a decision becomes final when the time to petition an appellate court for rehearing has expired, and the time to petition the Supreme Court for certiorari has expired. United States v. Jackson, 196 F.3d 383 (2d Cir. 1999). According to Supreme Court Rule 13.3, the time to file a petition for writ of certiorari runs from the date of a denial of a petition for rehearing, if such a petition is filed. In Defendant's case, therefore, the

---

[3] Supreme Court Rule 13 provides that the time to file a petition for writ of certiorari runs from the date of the judgment sought to be reviewed, and not the issuance of the mandate. Thus, absent Defendant's Petition for Rehearing, his time for filing for certiorari would have expired prior to Alleyne.

time to file for certiorari ran ninety days from April 10, 2013, when our Court of Appeals denied his Petition for Rehearing. In other words, the time to file a petition for a writ of certiorari had not yet expired when <u>Alleyne</u> was decided in June, 2013, and his conviction was not yet final. I will reassess Defendant's <u>Alleyne</u> argument accordingly.

## II.  **ALLEYNE V. UNITED STATES**

In the first instance, the nature of the evidence presented at Defendant's trial undermines his ability to invoke the protections of <u>Alleyne</u>. Other federal district courts have held that "an enhanced sentence imposed in violation of <u>Alleyne</u> will still be upheld where the evidence that the defendant [used a firearm in a manner specified in Section 924(c)] was 'overwhelming and essentially uncontroverted.'" <u>Reid v. United States</u>, 2014 U.S. Dist. LEXIS 115041, at *15 (E.D.N.Y. Aug, 15, 2013); <u>see also</u> <u>McCode v. Ziegler</u>, 2014 U.S. Dist. LEXIS 118997, at **22-25 (S.D. W. Va. 2014).

Likewise, appellate courts have found harmless error, or otherwise affirmed convictions, under circumstances similar to those presented. For example, in <u>United States v. Carr</u>, 761 F. 3d 1068 (9th Cir. 2014), the Court considered an <u>Alleyne</u> error. In that case, the jury found that defendant "us[ed] and carr[ied] a firearm during and in relation to a crime of violence," but made no specific findings regarding discharge of a firearm. <u>Id.</u> at 1082. The trial judge subsequently found Defendant responsible for discharging a firearm, and thus applied the ten-year mandatory minimum. <u>Id.</u> While defendant's appeal was pending, the Supreme Court decided <u>Alleyne</u>. <u>Id.</u> The appellate court found the <u>Alleyne</u> violation harmless, because in light of the evidence at trial, there was no reasonable probability that the jury would have acquitted defendant of discharging a firearm. <u>Id.</u> at 1082-83. Similar cases involving <u>Alleyne</u> error, affirming convictions based on the strength of the Government's evidence at trial, abound. <u>See</u>, <u>e.g</u>,

United States v. Clinton, 547 Fed. Appx. 261 (4th Cir. 2013); United States v. Anderson, 555 Fed. Appx. 589 (6th Cir. 2014); United States v. Pizarro, 772 F.3d 284 (1st Cir. 2014).

Although I do not now conduct a harmless error analysis per se, such cases are informative under present circumstances. Here, Defendant appealed his conviction under Section 924(c) based, in part, on insufficiency of the evidence. In rejecting Defendant's appeal, the Court of Appeals noted that the evidence at trial included Defendant's post-arrest admission that he carried and discharged a .45 caliber handgun in the parking lot of the credit union.[4] Moreover, corroborating Defendant's statement, the Government produced evidence that a .45 caliber shell was recovered from the parking lot, and that a partially full box of .45 caliber ammunition was recovered from Defendant's home. The jury was specifically advised that a .45 caliber handgun was the firearm involved in the offense charged. Defendant does not suggest that conflicting evidence was introduced. Instead, he has relied on the lack of eyewitnesses actually seeing him discharge a firearm, and the fact that the handgun was never recovered. The Court of Appeals recited all of these facts, cited to the language in Section 924(c)(1)(A)(iii) relating to the discharge of a firearm, and stated, "We have little difficulty concluding that a reasonable jury could convict LaPrade" for violating that subsection. This discussion underscores the strength of the Government's evidence regarding discharge of the weapon. Upon review of the trial transcripts, it is clear that the evidence that Defendant discharged a firearm was both overwhelming and uncontroverted. If instructed in that regard, any reasonable jurist would have concluded that Defendant discharged the .45 caliber firearm.

I note, too, that it is not clear that Alleyne applies to provide Defendant with relief under the particular circumstances of this case. In Alleyne, the Supreme Court prohibited the use of

---

[4] As has been noted in a different context, "Alleyne's rule that 'facts that increase mandatory minimum sentences must be submitted to the jury' cannot help a defendant who admitted to those facts." United States v. Davis, 2013 U.S. Dist. LEXIS 149569, at * (E.D. La. Oct. 16, 2013).

sentencing-enhancing facts found by a judge, by a preponderance of the evidence, and not

admitted by the defendant. <u>Ferranti v. United States</u>, 2014 U.S. Dist. LEXIS 89619, at *8 (E.D.

Va. June 30, 2014). Thus, <u>Alleyne</u> might not apply if "[t]he statutory minimum was triggered

not by facts proven by a preponderance of the evidence at sentencing, but rather by Petitioner's

conviction of the [conduct] charged in the indictment…[and] the statutory minimum

penalty…was the penalty from the time of the crimes as alleged in the indictment through the

date of sentencing…." <u>Morrison v. United States</u>, 2014 U.S. Dist. LEXIS 121667, at *14 (D.

Me. Aug. 22, 2014).[5] Here, the indictment charged the specific subsection of Section 924 that

addresses both discharge and the statutory sentence; the indictment specifically alleged that

Defendant discharged the weapon; the Government presented evidence at trial that Defendant

discharged the weapon; and the jury convicted Defendant on the entirety of the indictment. This

Court did not, at sentencing or otherwise, conduct an independent fact finding inquiry regarding

whether Defendant did or did not discharge a weapon. Instead, the sentence reflects the

mandatory penalty for 18 U.S.C. § 924(c)(1)(A)(iii), the crime specifically charged in the

indictment, and the crime for which Defendant was convicted. In other words, Defendant's

sentence was not expressly based on facts found by a judge by a preponderance of the evidence,

but instead was based on his conviction of the conduct charged in the indictment.

## III.     REMAINING OBJECTIONS

The remaining arguments that Defendant presently raises have been considered and

rejected in this proceeding, and Defendant has presented no reason that would justify

reconsidering those decisions.

## IV.     CERTIFICATE OF APPEALABILITY/STAY

---

[5] <u>Morrison</u> involved a guilty plea. Nonetheless, its synthesis of <u>Alleyne</u> principles is relevant in this case.

Defendant has moved for a certificate of appealability, as well as a stay, the nature of that which is unclear.  Defendant offers no grounds for staying either the <u>Alleyne</u> or other claims; it is also unclear whether he seeks to stay his <u>Alleyne</u> claim or instead the remaining claims.

The Government, in turn, suggests that this Court hold this matter in abeyance pending the outcome of <u>United States v. Lewis</u>, 766 F.3d 255 (3d Cir. 2014).  In <u>Lewis</u>, the indictment did not allege brandishing a firearm, and defendant was sentenced, based upon judicial finding, for brandishing a firearm.  The Court of Appeals determined that the error was not structural, and was thus subject to harmless error analysis.  On November 25, 2014, the Court of Appeals granted a petition for rehearing <u>en banc</u> in <u>Lewis</u>, thus holding its precedential validity in abeyance.  <u>United States v. Lewis</u>, 2014 U.S. App. LEXIS 22418 (3d Cir. Nov. 25, 2014).  In any event, prior to <u>Lewis</u>, the Court of Appeals for the Third Circuit considered <u>Alleyne</u> errors under a plain error or harmless error standard.  In so doing, the Court of Appeals has affirmed convictions, despite error, due to the strength of the evidence at trial. <u>E.g.</u>, <u>United States v. Stubbs</u>, 578 Fed. Appx. 114, 120-21 (3d Cir. 2014) (considering brandishing provision of 18 U.S.C. § 924(c)).  At this time, pending rehearing on <u>Lewis</u>, such principles and outcomes remain extant in this Circuit.  Moreover, this case, unlike <u>Lewis</u>, did not involve error at the indictment stage – <u>i.e.</u>, the failure to charge a crime on which a defendant was later sentenced. Thus, it is not a foregone conclusion that the outcome of <u>Lewis</u> would mandate a similar outcome here.

Nonetheless, a habeas petitioner may be entitled to a certificate of appealability if reasonable jurists might find this Court's rejection of constitutional claims debatable, or that the issues presented were sufficient to deserve support to proceed further.

McKernan v. Palakovich, 2014 U.S. Dist. LEXIS 150169, at ** 52-53 (E.D. Pa. Oct. 22, 2014).

I have determined that relief is unjustified due to the charging instrument, the nature of the

evidence at trial, and the nature of the sentencing proceedings; nonetheless, I recognize that it is

not clear that a jury found that Defendant discharged his weapon. I also recognize the possibility

that the resolution of Lewis might impact the pertinent Alleyne analysis. Reasonable jurists may

debate whether Defendant's sentencing, applying retroactive law, resulted from an error

requiring further proceedings. Due to the importance of the rights involved, the issue deserves

encouragement to proceed further. Therefore, I will grant Defendant's request for a certificate of

appealability, limited to the applicability of Alleyne to Defendant's case.

## CONCLUSION

Under the specific circumstances of this case -- including the evidence at trial, the

charging instrument, the sentencing proceedings, and previous decisions by this Court and the

Court of Appeals for the Third Circuit – relief is not justified on any grounds that Defendant

presently raises. Accordingly, Defendant's objections will be overruled, and to the extent that

he again seeks the relief initially sought under Section 2255, such relief will be denied. I will,

however, grant him a certificate of appealability regarding this Court's conclusions about the

applicability of Alleyne.

## ORDER

AND NOW, this 22nd day of January, 2015, Defendant's objections [238] are overruled,

and his "Motion 2253" [242] and "Motion for Relieve of Objection" [243] denied. To the extent

that he seeks reconsideration of my Order denying Section 2255 relief, that request is granted

solely to the extent that I have, in fact, reconsidered the analysis set forth in that Order. Further

relief is denied, except that a certificate of appealability is granted regarding the foregoing

Opinion as it pertains to <u>Alleyne v. United States</u>, __ U.S. __, 133 S. Ct. 2151, 186 L. Ed. 2d 314 (2013).

BY THE COURT:

<u>/s/Donetta W. Ambrose</u>

Donetta W. Ambrose

Senior Judge, U.S. District Court